LSK&D #: 114-6016 / 895149
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

OLGA GARCIA, RAFAEL SALVADOR, and
KEYLIE SALVADOR an infant under the age of
fourteen by and through her mother and
natural guardian OLGA GARCIA,

                        Plaintiffs,

        -against-

GINNETTI TRUCKING, LLC,

                        Defendant.

------------------------------------------------------------x

07 CV 6192

Docket No.:

NOTICE OF REMOVAL
(From New York
Supreme Court, County
of Bronx, Index No.
16038/07)

TRIAL BY JURY
DEMANDED

RECEIVED
JUL 0 3 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Defendant, GINNETTI TRUCKING, LLC, by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York, from the Supreme Court of the State of New York, County of Bronx, where the action is now pending, as provided by Title 28 U.S.C. Code, Chapter 89 and state the following upon information and belief:

1.     GINNETTI TRUCKING, LLC, is the defendant in the above-entitled action.

2.     The above-entitled action was commenced in the Supreme Court of the State of New York, County of Bronx, and is now pending in that Court. This Notice is hereby submitted to the Court for filing within thirty (30) days of the date that the Summons and Complaint was allegedly served upon said defendant.

3.     This action is a civil action for personal injury, and the United States District Court for the Southern District of New York has jurisdiction by reason of the diversity of citizenship of the parties.

4.  Plaintiffs are now and at the time the State action was commenced, citizens of the State of New York. The defendant, GINNETTI TRUCKING, LLC, is now and at the time the State action was commenced, a Connecticut Corporation, whose principal place of business is 58 Hemmingway Avenue, East Haven, CT 06512. The matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $75,000. No change of citizenship of parties has occurred since the commencement of the action. The defendant is not a citizen of the State in which the action was brought.

5.  A copy of all process, pleadings and Orders served upon defendant are filed with this Notice.

6.  Defendant will give written notice of the filing of this Notice as required by 28 U.S.C. Section 446(d).

7.  A copy of this Notice will be filed with the Clerk of the Supreme Court of the State of New York, County of Bronx, as required by 28 U.S.C. Section 1446(d).

**WHEREFORE**, the defendant requests that this action proceed in this Court as an action properly removed to it.

Dated:    New York, New York
          July 2, 2007

                                                Respectfully submitted,

                                                LESTER SCHWAB KATZ & DWYER, LLP

                                                _____
                                                Harold J. Derschowitz (HJD-)
                                                Attorneys for Defendant
                                                GINNETTI TRUCKING, LLC,
                                                120 Broadway
                                                New York, New York 10271
                                                (212) 964-6611

TO:

ADAM C. YANOVER, ESQ.
YANOVER & YANOVER
50 Charles Lindbergh Boulevard, Suite 400
Uniondale, New York   11553
Attorneys for Plaintiffs

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X

OLGA GARCIA, RAFAEL SALVADOR, and
KEYLIE SALVADOR an infant under the age of fourteen
by and through her mother and natural guardian
OLGA GARCIA.

                     Plaintiffs,

- against -

GINNETTI TRUCKING, LLC,

                     Defendants.
----------------------------------------X

Index No.: 16038-07

Date Purchased: 6/7/07

Plaintiff designates BRONX
County as the place of trial

The basis of venue is
Plaintiff's residence

**SUMMONS**

Plaintiff resides at
542 Rosedale Ave Apt J-41
Bronx, New York 10473

To the above named Defendant(s)

    *You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 06, 2007

/S/
_____
YANOVER & YANOVER
Adam C. Yanover, Esq.
Attorneys for Plaintiffs
50 Charles Lindbergh Boulevard, Suite 400
Uniondale, New York 11553

Defendants' addresses:

*GINNETTI TRUCKING, LLC.*
58 Hemingway Ave.
East Haven, CT 06512

RECEIVED  2007 JUN -7 AM 11:19  COUNTY CLERK BRONX COUNTY

Bronx County Clerks Office
851 Grand Concourse
Bronx, NY 10451

| Department: | LAW |
|---|---|
| Transaction No | 1003933 |
| Plaintiff | OLGA GARCIA, E |
| Defendant | GINNETTI TRUCK |
| Index No | 16038-2007 |
| Type: | R |

2007 JUN -7 A 11:15 FILED

| Amount Due: | $210.00 |
|---|---|
| Amount Rcvd | $210.00 |
| Change Due: | $0.00 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------x
OLGA GARCIA, RAFAEL SALVADOR, and KEYLIE
SALVADOR an infant under the age of fourteen
by and through her mother and natural guardian
OLGA GARCIA.

Index No. 16038/07

                        Plaintiff,

                -against-

GINNETTI TRUCKING, LLC,

                        Defendant.
------------------------------------------------------------x

        Plaintiffs, complaining of the defendant, by their attorneys, Yanover & Yanover, respectfully allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF OLGA GARCIA

        1. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was a Connecticut corporation.

        2. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was involved in interstate commerce.

        3. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was licensed to do business in the State of New York.

        4. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, obtained and held Highway Use Tax permits for its tractors with the State of New York to do business in the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, obtained and held Cargo Tank Inspection registrations for its trailers with the State of New York in order to do business in the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, did business in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, did business in the County of Bronx.

8. The acts complained of herein arose out of a transaction of business by the defendant, GINNETTI TRUCKING, LLC, in the State of New York.

9. The acts complained of herein arose out of a transaction of business by the defendant, GINNETTI TRUCKING, LLC, in the County of Bronx.

10. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered in the State of New York, including the County of Bronx.

11. Upon information and belief, the defendant, GINNETTI TRUCKING, LLC, expected or should reasonably have expected the acts complained of herein, to have consequences in the State of New York, and the defendant derives substantial revenue from interstate or international commerce.

12. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was in the business of intermodal transportation, linehaul transportation services, interstate trucking and other work services, including the interstate transportation of petroleum.

13. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was the owner and operator of a tractor bearing Connecticut registration number 41107-A, for the year 2006.

14. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was the owner and operator of a trailer bearing Connecticut registration number V-69624, for the year 2006.

15. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was the owner and operator of a tractor bearing

New York State Highway Use Tax number 438387.

16. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was the owner and operator of a trailer bearing New York State Cargo Tank Inspection number 1-03 UC P I,

1-06 K-EPA27.

17. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, its agents, servants and employees, operated

and controlled the aforesaid tractor trailer.

18. Upon information and belief, prior to July 2, 2006, the defendant, GINNETTI TRUCKING, LLC, its agents, servants and employees, inspected, examined, evaluated, diagnosed, serviced, repaired and maintained the aforesaid tractor trailer.

19. Upon information and belief, prior to July 2, 2006, the defendant, GINNETTI TRUCKING, LLC, its agents, servants and employees, inspected, examined, evaluated, diagnosed, serviced, repaired and maintained the aforesaid tractor trailer, including the tandem wheels and parts.

20. On July 2, 2006, the aforesaid tractor trailer was traveling eastbound on Interstate Route 95, in the area of Exit 9, in the Town of Darien, State of Connecticut, when the left side tandem wheels dislocated from the 5th axle of the tractor trailer and traveled into the westbound lane, striking the front windshield of plaintiff's vehicle which had been traveling westbound on Interstate Route 95.

21. On July 2, 2006, the plaintiff, OLGA GARCIA, was a passenger in the plaintiff's vehicle.

22. The aforesaid occurrence was caused and contributed to by the negligence of the defendant, its agents, servants and/or employees in the inspection, examination, evaluation, diagnosis, servicing, repair and maintenance of the aforementioned tractor trailer, and in particular, the tandem wheels and parts; in failing to lubricate the tandem wheels and parts; in failing to diagnose and detect the problem with

the tandem wheels; in failing to properly and adequately service and repair the tandem wheels; in failing to service and repair the problem with the tandem wheels; in providing a dangerous and defective tractor and trailer; in affixing the tandem wheels to the tractor trailer which were not lubricated; in affixing the tandem wheels to the tractor trailer in a careless and negligent manner; in failing to insure that the tandem wheels were properly and adequately lubricated; in failing to insure that the tandem wheels were properly and adequately secured to the tractor trailer; in maintaining the tandem wheels in a careless and negligent manner; in failing to properly and adequately inspect the tandem wheels; in negligently certifying the tractor trailer as road worthy according to FHWA and FMCSR guidelines; in placing tandem wheels on the tractor trailer which were not lubricated; in placing tandem wheels on the tractor trailer which were dangerous, hazardous and unsafe; in carelessly and negligently supervising, training and advising its employees; in affixing the tandem wheels to the tractor trailer in an improper, dangerous and careless manner so that they separated from the vehicle thereby striking the plaintiff's vehicle; in causing, permitting and allowing the tandem wheels to separate from the tractor trailer; in causing, permitting and allowing the aforementioned tractor trailer to be driven in a dangerous, hazardous and unsafe condition; in violating the traffic laws, rules and regulations, statutes and ordinances then and there prevailing, including but not limited to Sections 396.3 and 396.3(a)(1) of the Federal Motor Carrier Regulations; in allowing a condition to exist which permitted tandem wheels to separate from the tractor trailer; and in

5

causing, permitting and allowing the aforementioned tractor trailer to be driven in a condition which they knew or should have known was inherently dangerous, hazardous and unsafe.

23. By reason of the foregoing, the plaintiff, OLGA GARCIA was severely injured on July 2, 2006.

24. By reason of the foregoing, the plaintiff OLGA GARCIA sustained a fractured right leg and fractured right arm among other injuries.

25. The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

26. Upon information and belief, the plaintiff, OLGA GARCIA has sustained a serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law.

27. Upon information and belief, the plaintiff, OLGA GARCIA has sustained economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law.

28. It is hereby alleged, pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF RAPHEAL SALVADOR

29. Plaintiff, RAFAEL SALVADOR, repeats, reiterates and realleges each

and every allegation in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. That at all times hereinafter mentioned and prior thereto, plaintiff, RAFAEL SALVADOR, was the husband of the plaintiff, OLGA GARCIA.

31. That by reason of the aforesaid, this plaintiff has been deprived of the services, society and companionship of his wife, and has expended monies and has become obligated for hospital and medical expenses and will incur further obligations in the future.

32. That the plaintiff, RAFAEL SALVADOR and plaintiff OLGA GARCIA remain married

33. That the plaintiff RAFAEL SALVADOR and plaintiff OLGA GARCIA are the parents of the infant plaintiff KEYLIE SALVADOR.

34. That by reason of the aforesaid, the plaintiff, RAFAEL SALVADOR, has been damaged in a sum in excess of the jurisdictional limits of all other Courts that would have jurisdiction of this matter.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF KEYLIE SALVADOR

35. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "34" inclusive, with the same force and effect as if more fully set forth herein at length.

36. On July 2, 2006, the infant plaintiff, KEYLIE SALVADOR, was a

passenger in a vehicle operated by EDDYS N. GARCIA when the front windshield of the vehicle was struck by the left side tandem wheels of the aforesaid tractor trailer.

37. By reason of the foregoing, the infant plaintiff, KEYLIE SALVADOR, sustained injuries to her limbs and body, a severe shock to her nervous system, and certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, some of these injuries are of a permanent and lasting nature; that the plaintiff has been confined to her bed and home as a result thereof; and has been caused to expend and become obligated to expend sums of money for medical attention and medicines.

38. The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

39. Upon information and belief, the infant plaintiff had sustained a serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law.

40. Upon information and belief, the infant plaintiff had sustained economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law.

41. It is hereby alleged, pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, OLGA GARCIA

42. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "41" inclusive, with the same force and effect as if more fully set forth herein at length.

43. At and about the times immediately preceding, contemporaneous with and following the occurrence complained of herein, the plaintiff, OLGA GARCIA, was caused to be placed within the area and zone of danger of vulnerability to physical harm and defendant's actionable fault as alleged in this complaint and from the proximate effect thereof.

44. The plaintiff, OLGA GARCIA, while within the zone of danger, was caused under all of the circumstances surrounding the occurrence, to have imposed upon her view of observation, the knowledge that severe harm and serious peril to her sister, WENDY SANTOS.

45. By reason of the foregoing, the plaintiff, OLGA GARCIA, has been caused to suffer severe mental and emotional trauma, distress, disturbance, depression and anguish as a result of the entirety of the occurrence and the adverse effects thereof upon her own well-being and the well-being of her beloved sister, WENDY SANTOS, and upon information and belief, some of these injuries are of a permanent and lasting nature.

46. The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

47. It is hereby alleged pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF KEYLIE SALVADOR

48. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "47" inclusive, with the same force and effect as if more fully set forth herein at length.

49. At and about the times immediately preceding, contemporaneous with and following the occurrence complained of herein, the infant plaintiff, KEYLIE SALVADOR, was caused to be placed within the area and zone of danger of vulnerability to physical harm and defendant's actionable fault as alleged in this complaint and from the proximate effect thereof.

50. The infant plaintiff, KEYLIE SALVADOR, while within the zone of danger, was caused under all of the circumstances surrounding the occurrence, to have imposed upon her view of observation, the knowledge that severe harm and serious peril to her mother, OLGA GARCIA and aunt, WENDY SANTOS.

51. By reason of the foregoing, the infant plaintiff, KEYLIE SALVADOR,

has been caused to suffer severe mental and emotional trauma, distress, disturbance, depression and anguish as a result of the entirety of the occurrence and the adverse effects thereof upon her own well-being and the well-being of her beloved ones, including but not limited to, co-plaintiff OLGA GARCIA.

52. The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

53. It is hereby alleged pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

WHEREFORE, the plaintiffs, demand judgment against the defendant, together with the costs, interest and disbursements of this action.

Dated: Uniondale, New York
June 06, 2007

Yanover & Yanover
Attorneys for Plaintiffs
Office & P.O. Address
50 Charles Lindbergh Blvd
Uniondale, NY 11553
(516) 390-4735

11

STATE OF NEW YORK  )
: s.s.:
COUNTY OF NASSAU  )

   ADAM C. YANOVER, the undersigned, an attorney admitted to practice in the Courts of New York State, states that he is a member of the firm of Yanover & Yanover attorneys for the plaintiffs in the within action; that deponent has read the foregoing Verified Complaint and knows its contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes them to be true. Deponent further states that the reason this verification is made by your deponent and not by the plaintiffs is/are that the plaintiffs is/are not within the county where deponent maintains his office.

   The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are consultations had with the plaintiffs and investigation and data in deponent's possession.

   The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Uniondale, New York
   June 06, 2007

                /S/
               ADAM C. YANOVER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
Index #:

OLGA GARCIA, RAFAEL SALVADOR, and KEYLIE SALVADOR an infant under the age of fourteen by and through her mother and natural guardian OLGA GARCIA.

Plaintiffs,

-against-

GINNETTI TRUCKING, LLC.,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**YANOVER & YANOVER**
Attorney for Plaintiff(s)
50 Charles Lindbergh Boulevard, Suite 400
Uniondale, NY 11553
(516) 390-4735

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:

Signature: /S/
ADAM C. YANOVER, ESQ.

is hereby admitted

Service of a copy of the within
Dated:

Attorney for

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the
one of the Judges of the within named
Hon.
Court,
at
on                , at 9:30 A.M.

**YANOVER & YANOVER**
Attorney for Plaintiff(s)
50 Charles Lindbergh Boulevard, Suite 400
Uniondale, NY 11553
(516) 390-4735

## Debbie Campbell (x322)

| | |
|---|---|
| **From:** | Debbie Campbell (x322) |
| **Sent:** | Tuesday, July 03, 2007 12:22 PM |
| **To:** | 'case_openings@nysd.uscourts.gov' |
| **Subject:** | OLGA GARCIA (07 CIV 6192) (JA/GEL) FEDERAL SDNY STATEMENT PURSUANT TO FED.R. CIV. P.7.1, CIVIL COVER SHEET, NOTICE OF REMOVAL AND DECLARATION OF SERVICE |

**Attachments:** OLGA GARCIA REMOVAL.pdf

## Declaration of Service

I served the annexed FEDERAL SDNY STATEMENT PURSUANT TO FED. R. CIV. P. 7.1, CIVIL COVER SHEET, NOTICE OF REMOVAL AND NOTICE TO STATE COURT CLERK OF THE FILING OF THE NOTICE OF REMOVAL upon the Supreme Court of the State of New York, County of Bronx and by first-class mail on the following persons on July 3, 2007:

> ADAM C. YANOVER, ESQ.
> YANOVER & YANOVER
> 50 Charles Lindbergh Boulevard, Suite 400
> Uniondale, New York   11553
> Attorneys for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2007.

*[signature]*
DEBBIE A. CAMPBELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
OLGA GARCIA, RAFAEL SALVADOR, and
KEYLIE SALVADOR an infant under the date                    Docket No.:
of fourteen by and through her mother and
natural guardian OLGA GARCIA,

                                      Plaintiffs,

                   -against-

GINNETTI TRUCKING, LLC,

                                     Defendant.
------------------------------------------------------------------x

## FEDERAL SDNY STATEMENT PURSUANT TO FED. R. CIV. P. 7.1, CIVIL COVER SHEET, NOTICE OF REMOVAL AND NOTICE TO STATE COURT CLERK OF THE FILING OF THE NOTICE OF REMOVAL

**LESTER SCHWAB KATZ & DWYER, LLP**

**ATTORNEYS FOR**    Defendant
                                 GINNETTI TRUCKING, LLC,

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916