**LSK&D #: 114-6016 / 895790**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OLGA GARCIA, RAFAEL SALVADOR, and
KEYLIE SALVADOR an infant under the age of
fourteen by and through her mother and
natural guardian OLGA GARCIA,

                                   Plaintiffs,

               -against-

GINNETTI TRUCKING, LLC,

                                 Defendant.

------------------------------------------------------------------X

**Docket No.: 07 CV 6192
(JA/GEL)**

**DEFENDANT DEMANDS
TRIAL BY JURY**

**VERIFIED ANSWER**

Defendant, GINNETTI TRUCKING, LLC,, by its attorneys, LESTER SCHWAB

KATZ & DWYER, LLP, answering plaintiffs' Verified Complaint dated June 6, 2007

respectfully states as follows:

## ANSWERING THE FIRST CAUSE OF ACTION

1.    Admits the allegations contained in paragraph "1" of the Verified

Complaint.

2.    Denies any knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph "2" of the Verified Complaint

and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

3.    Admits the allegations contained in paragraph "3" of the Verified

Complaint.

4.    Admits the allegations contained in paragraph "4" of the Verified

Complaint.

5.     Admits the allegations contained in paragraph "5" of the Verified Complaint.

6.     Admits the allegations contained in paragraph "6" of the Verified Complaint.

7.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the Verified Complaint, except admit that on occasions prior to July 2, 2006, defendant GINNETTI TRUCKING, LLC did business in the County of Bronx.

8.     Denies each and every allegation contained in paragraph "8" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

9.     Denies each and every allegation contained in paragraph "9" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

10.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "10" of the Verified Complaint, except admit that defendant GINNETTI TRUCKING, LLC does business in the State of New York.

11.     Denies each and every allegation contained in paragraph "11" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

12.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of the Verified Complaint,

and leave all questions of law, fact and/or conclusions raised therein to the Trial Court, except admit that on and prior to July 2, 2006, defendant GINNETTI TRUCKING, LLC was in the business of interstate transportation of petroleum.

13.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13" of the Verified Complaint, except admit that on July 2, 2006, defendant GINNETTI TRUCKING, LLC was the owner of a 2006 Kenworth vehicle bearing Connecticut registration # 41107A.

14.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of the Verified Complaint, except admit that on July 2, 2006, defendant GINNETTI TRUCKING, LLC owned a trailer bearing Connecticut registration # V69624.

15.    Denies each and every allegation contained in paragraph "15" of the Verified Complaint, except admit that on July 2, 2006, defendant GINNETTI TRUCKING, LLC was the owner of a tractor bearing New York State Highway Use Tax Number 438387.

16.    Denies each and every allegation contained in paragraph "16" of the Verified Complaint, except admit that on July 2, 2006, defendant GINNETTI TRUCKING, LLC was the owner of a trailer bearing New York State Cargo Tank Inspection Number 1-03 UCPI, 1-06 K-EPA27.

17.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "17" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court,

except admit that on July 2, 2006, the subject tractor-trailer was being operated by an employee of GINNETTI TRUCKING, LLC.

18.     Admits the allegations contained in paragraph "18" of the Verified Complaint.

19.     Admits the allegations contained in paragraph "19" of the Verified Complaint.

20.     Denies each and every allegation contained in paragraph "20" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court, except admit that on July 2, 2006, the defendant's tractor-trailer was traveling on Interstate Route 95, eastbound, in the town of Darien, State of Connecticut.

21.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "21" of the Verified Complaint.

22.     Denies each and every allegation contained in paragraph "22" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

23.     Denies each and every allegation contained in paragraph "23" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

24.     Denies each and every allegation contained in paragraph "24" of the Verified Complaint.

25.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "25" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

26.    Denies each and every allegation contained in paragraph "26" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

27.    Denies each and every allegation contained in paragraph "27" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

28.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "28" of the Verified Complaint and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

## ANSWERING THE SECOND CAUSE OF ACTION

29.    Defendant repeats, reiterates and realleges each and every answer to the paragraphs of the Verified Complaint designated "1" through "28" in answer to the paragraph of the Verified Complaint designated "29" as if same were more fully set forth at length herein.

30.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "30" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

31.    Denies each and every allegation contained in paragraph "31" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

32.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "32" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

33.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "33" of the Verified Complaint.

34.     Denies each and every allegation contained in paragraph "34" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

## ANSWERING THE THIRD CAUSE OF ACTION

35.     Defendant repeats, reiterates and realleges each and every answer to the paragraphs of the Verified Complaint designated "1" through "34" in answer to the paragraph of the Verified Complaint designated "35" as if same were more fully set forth at length herein.

36.     Denies each and every allegation contained in paragraph "36" of the Verified Complaint.

37.     Denies each and every allegation contained in paragraph "37" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

38.     Denies each and every allegation contained in paragraph "38" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

39.     Denies each and every allegation contained in paragraph "39" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

40.    Denies each and every allegation contained in paragraph "40" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

41.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "41" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

## ANSWERING THE FOURTH CAUSE OF ACTION

42.    Defendant repeats, reiterates and realleges each and every answer to the paragraphs of the Verified Complaint designated "1" through "41" in answer to the paragraph of the Verified Complaint designated "42" as if same were more fully set forth at length herein.

43.    Denies each and every allegation contained in paragraph "43" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

44.    Denies each and every allegation contained in paragraph "44" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

45.    Denies each and every allegation contained in paragraph "45" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

46.    Denies each and every allegation contained in paragraph "46" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

47.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

## ANSWERING THE FIFTH CAUSE OF ACTION

48.    Defendant repeats, reiterates and realleges each and every answer to the paragraphs of the Verified Complaint designated "1" through "47" in answer to the paragraph of the Verified Complaint designated "48" as if same were more fully set forth at length herein.

49.    Denies each and every allegation contained in paragraph "49" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

50.    Denies each and every allegation contained in paragraph "50" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

51.    Denies each and every allegation contained in paragraph "51" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

52.    Denies each and every allegation contained in paragraph "52" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

53.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "53" of the Verified Complaint, and leave all questions of law, fact and/or conclusions raised therein to the Trial Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54.    Any and all risks, hazards, defects and dangers alleged were of an open, obvious and apparent nature and inherent and known or should have been known to the plaintiffs herein, and the plaintiffs willingly and voluntarily assumed all such risks, hazards, defects and dangers.  If it is determined that the plaintiffs assumed the risk, the answering defendant pleads said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55.    If the injuries and damages were sustained by the plaintiffs at the time and place and in the manner alleged in the Verified Complaint, such injuries and damages are attributable, in whole or in part, to the culpable conduct of the plaintiffs, and if any damages are recoverable against this answering defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56.    If the injuries and damages were sustained by the plaintiffs at the time and place and in the manner alleged in the Verified Complaint, such injuries and damages are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against this answering defendant, the amount of such damages shall be diminished in the proportion which culpable conduct attributable to third parties bear to the culpable conduct which caused the damages, pursuant to CPLR § 1601.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57.    The Verified Complaint herein fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58.    That upon information and belief, the plaintiffs were not wearing seatbelts at the time of the alleged occurrence and accordingly, any award made to and accepted by the plaintiffs for any injuries set forth in the Verified Complaint must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by the plaintiffs' failure to wear seatbelts and to have same operational at the time of the occurrence pursuant to Vehicle and Traffic Law § 1229-c of the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59.    The plaintiffs' causes of action are barred by Insurance Law § 5102 and § 5104 in that the plaintiffs and the answering defendant are "covered persons" and Insurance law § 5104 states that in any action by or on behalf of a "covered person" for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right to recovery for non-economic loss, except in the case of "serious injury" or for economic loss greater than "basic economic loss," and that each of the plaintiffs' failed to sustain a "serious injury" or economic loss greater than "basic economic loss".

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60.    The place and trial where the instant action was originally commenced, is an improper county/jurisdiction.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

61.    The liability of this defendant, if any, to the plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiffs could have obtained personal jurisdiction with due diligence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

62.    In the event plaintiffs recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

**WHEREFORE**, the answering defendant demands judgment dismissing the Verified Complaint of the plaintiffs, together with the attorneys' fees, costs and disbursements of this action.

Dated:        New York, New York
              July 10, 2007

                                    Respectfully submitted,

                                    LESTER SCHWAB KATZ & DWYER, LLP

                                    _____
                                    Harold J. Derschowitz (HJD-9910)
                                    Attorneys for Defendant
                                    GINNETTI TRUCKING, LLC
                                    120 Broadway
                                    New York, New York  10271
                                    (212)  964-6611

TO:

ADAM C. YANOVER, ESQ.
YANOVER & YANOVER
50 Charles Lindbergh Boulevard, Suite 400
Uniondale, New York   11553
Attorneys for Plaintiffs

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is Of Counsel to the firm of LESTER SCHWAB KATZ & DWYER, LLP, attorneys for defendant, GINNETTI TRUCKING, LLC,.

That he has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters he believes them to be true.

That the reason why this affirmation is being made by your deponent and not by the said defendant is that said corporation does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of his belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated:    New York, New York
          July 10, 2007

_____
Harold J. Derschowitz (HJD-9910)

## Declaration of Service

I served the annexed VERIFIED ANSWER by first-class mail on the following persons on July 13, 2007:

> ADAM C. YANOVER, ESQ.
> YANOVER & YANOVER
> 50 Charles Lindbergh Boulevard, Suite 400
> Uniondale, New York   11553
> Attorneys for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 13, 2007.

_____
DEBBIE A. CAMPBELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

OLGA GARCIA, RAFAEL SALVADOR, and
KEYLIE SALVADOR an infant under the age of
fourteen by and through her mother and
natural guardian OLGA GARCIA,

                                          Plaintiffs,

                 -against-

GINNETTI TRUCKING, LLC,

                                       Defendant.

---------------------------------------------------------------x

**Docket No.: 07 CV 6192
(JA/GEL)**

**DEFENDANT DEMANDS
TRIAL BY JURY**

**VERIFIED ANSWER**


**LESTER SCHWAB KATZ & DWYER, LLP**

ATTORNEYS FOR    Defendant
                        **GINNETTI TRUCKING, LLC,**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX:  (212) 267-5916